NO. 07-12-00195-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 6, 2012

DALE ALAN CURTIS, APPELLANT

v.

BRAD LIVINGSTON, ET AL, APPELLEES

FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-GN-05-004300; HONORABLE DARLENE BYRNE, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK , JJ.

**MEMORANDUM OPINION**

Appellant, Dale Alan Curtis, *pro se*, filed a notice of appeal of the trial court's order dismissing Curtis's suit for failure to comply with the requirements of Chapter Fourteen of the Texas Civil Practices and Remedies Code.  We dismiss for want of prosecution and failure to comply with a directive of this Court.

After Curtis filed his notice of appeal, by letter dated May 5, 2012, the Clerk of the Third District Court of Appeals[1] notified Curtis that the clerk's record for this appeal

---

[1] This appeal was originally filed in the Third District Court of Appeals but, pursuant to the Texas Supreme Court's docket equalization efforts, was transferred to

had not been paid for nor had arrangements been made to pay for preparation of the clerk's record. This letter further directed Curtis to make arrangements for preparation of the clerk's record, and to submit a status report regarding the appeal on or before May 15, 2012. The letter also notified Curtis that failure to comply with the directive of the Court could result in dismissal of the appeal for want of prosecution. See TEX. R. APP. P. 37.3(b). On June 11, 2012, this Court again notified Curtis that the clerk's record had neither been paid for nor had payment arrangements been made for preparation of the clerk's record. By this letter, Curtis was directed to ensure that the clerk's record was filed or certify that payment had been made or that arrangements for payment had been made for preparation of the clerk's record by July 11, 2012, or the appeal might be dismissed for want of prosecution. To date, Curtis has not responded to either directive nor have we received any indication from the clerk that Curtis has taken appropriate action to comply with the requisites of the rule.

Because no clerk's record has been filed in this appeal due to the fault of Curtis and Curtis has been afforded a reasonable opportunity to comply with the requisites, we now dismiss this appeal for want of prosecution and for failure to comply with a directive of this Court. See TEX. R. APP. P. 37.3(c), 42.3(b), (c).

Mackey K. Hancock
Justice

this Court. See TEX. GOV'T CODE ANN. § 73.001 (West 2005).